**In the Matter of the Application for the DISCIPLINE OF William N. BERNARD, an Attorney at Law of the State of Minnesota.**

No. C9–85–1621.

Supreme Court of Minnesota.

Oct. 9, 1985.

### ORDER

The Lawyers Professional Responsibility Board, through its Director, filed a petition at this court alleging that the respondent William N. Bernard engaged in conduct subjecting him to discipline. Specifically the petition alleged that one Eisenbacher gave a mortgage on five acres of land in Meeker County to Westside Elevator, a client of the respondent, to secure an overdue open account. On October 22, 1980, the mortgage was signed, notarized, and recorded in Meeker County. On February 19, 1981, Westside informed respondent that the Eisenbachers had agreed to add an additional parcel of real estate to the previously executed mortgage. The additional

parcel was a lake lot owned by Eisenbacher and located in Kandiyohi County. Relying upon Westside's representation, but without Eisenbacher's consent or knowledge, respondent typed the legal description of a lake lot in Kandiyohi County owned by Eisenbacher on the previously executed mortgage and re-recorded it in Kandiyohi County. Subsequently in March 1981 respondent threatened to foreclose on the lake lot in Kandiyohi County if the indebtedness owed by Eisenbacher to Westside was not paid. The Eisenbachers informed respondent that they had not consented to the addition of the lake lot to the previously executed mortgage. Thereupon respondent ceased all collection efforts and requested Westside to satisfy the mortgage on the lake lot. The Director asserted that respondent's conduct in misrepresenting to the Kandiyohi County Recorder that the Eisenbachers had signed the mortgage on the lake lot before a notary public constituted a misrepresentation in violation of DR 1–102(A)(4), (5), and (6) and DR 7–102(A)(5), Minnesota Code of Professional Responsibility, and that the respondent's initial communication to the Eisenbachers threatening to foreclose the mortgage on the lake lot in Kandiyohi County violated DR 7–102(A)(2), Minnesota Code of Professional Responsibility. The respondent, represented by counsel, has unconditionally admitted the allegations of the petition and has entered into a stipulation with the Director stipulating that certain discipline be imposed.

The court, having examined the files and records herein, the petition of the Director, the stipulation, and having considered mitigating factors raised by the respondent,

NOW ORDERS:

1. The respondent is hereby publicly reprimanded and placed on two year's unsupervised probation pursuant to Rule 15, Rules of Lawyers Professional Responsibility.

2. Within 30 days from the date hereof, respondent shall pay to the Lawyers Professional Responsibility Board the sum of $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.

3. Respondent's probation shall be subject to the following conditions:

(a) Respondent shall abide by the Minnesota Code of Professional Responsibility or such other rules governing attorney conduct as this court may promulgate. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of the stipulation entered into and of this order.

(b) Respondent shall promptly satisfy any judgments rendered in favor of the Eisenbachers or Westside in the civil suit pending in Kandiyohi County District Court, File No. C–84–990.

(c) Respondent shall comply with all procedures required in notarizing and recording documents.

(d) If respondent fails to comply with any of the terms and conditions of this probation, the Director may, without the necessity of panel proceedings, file a petition for future and further disciplinary action with this court.